UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

SARAH R. JONES, individually, and on behalf of all others similarly situated,

   Plaintiff,

v.

TRUEACCORD CORP,

   Defendant.

Case Number: 4:22-CV-122-JHM

## CLASS ACTION COMPLAINT

**NOW COMES** SARAH R. JONES ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through her undersigned counsel, complaining of TRUEACCORD CORP. ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*

2. "Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Sheriff v. Gillie,* 578 U.S. 317, 320 (2016) *citing* 15 U.S.C. §1692(e).

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because a substantial portion of events or omissions giving rise to the claims occurred within the Western District of Kentucky.

## PARTIES

5. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided and was domiciled in Owensboro, Kentucky.

6. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a prominent national collection agency that collects debts on behalf of its third party clients.

8. Defendant maintains its principal place of business in Lenexa, Kansas.

9. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting debts; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects debt owed to others.

## FACTUAL ALLEGATIONS

10. Prior to the conduct giving rise to this action, Plaintiff opened a personal credit card account with WebBank (Fingerhut).

11. Plaintiff allegedly defaulted on the credit card account and the balance allegedly ballooned to $469.67 ("subject debt").

12. At some point in time, LVNV Funding, LLC ("LVNV") purchased the subject debt from WebBank (Fingerhut).

13. At some point in time, LVNV placed the subject debt with Defendant for collection.

14. On July 27, 2022, Defendant sent a text message to Plaintiff's ex-husband's phone number in an attempt to collect the subject debt.

15. Specifically, the text message depicted as follows:



16. At the time Defendant sent the text message to Plaintiff's ex-husband, Plaintiff and her ex-husband had been divorced for over 10 years.

17. Upon clicking on the hyperlink in the text message, Plaintiff's ex-husband was routed to a webpage that revealed that Plaintiff owes the subject debt to LVNV.

18. Specifically, the webpage disclosed that Plaintiff was the debtor and that the balance owed to LVNV was $469.67.

19. On July 30, 2022, Defendant sent Plaintiff's ex-husband a text message that was identical to the text message depicted in Paragraph 15.

20. On August 2, 2022, Defendant sent Plaintiff's ex-husband a text message that was identical to the text message depicted in Paragraph 15.

21. After Plaintiff's ex-husband received the text messages, he alerted Plaintiff that Defendant was sending him collection text messages in an attempt to collect the subject debt.

22. In addition to the text messages sent by Defendant to Plaintiff's ex-husband, Defendant placed at least one call to Plaintiff's husband's phone number in an attempt to collect the subject debt.

23. At no point in time did Defendant contact Plaintiff regarding the subject debt.

24. Accordingly, the first time Plaintiff discovered that Defendant was attempting to collect a debt from her was when her ex-husband contacted her after receiving Defendant's text messages and phone call(s).

25. Upon information and belief, Defendant systemically contacts acquaintances of consumers in an attempt to shame the consumers into paying their debts.

## DAMAGES

26. Defendant's conduct in disclosing the subject debt to Plaintiff's ex-husband was highly humiliating has it had the natural effect of portraying Plaintiff as a dead-beat that does not pay her debts.

27. The humiliation caused Plaintiff significant emotional distress that manifested by increasing Plaintiff's heart rate and blood pressure.

28. Moreover, Defendant's disclosure of the subject debt to her ex-husband invaded Plaintiff's privacy as one's financial affairs are inherently private in nature.

29. Deeply concerned about Defendant's abusive collection practices, Plaintiff retained counsel to compel Defendant to cease its abusive collection practices.

## CLASS ALLEGATIONS

30. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals in the United States (1) that Defendant attempted to collect a consumer debt from; (2) by sending a text message; (3) directed to a phone number that does not belong to the individual; (4) that contained a hyperlink that routes the recipient to a webpage that discloses information regarding the individual's debt; (5) within the one-year preceding the date of this Complaint through the date of Class Certification.

32. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors, or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.  Numerosity**

33. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

34. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

35. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

36. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

### B. Commonality and Predominance

37. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

38. Those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

39. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

### D. Superiority and Manageability

40. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

41. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

42. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

43. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

44. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

45. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

46. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### Count I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)
### (On behalf of Plaintiff and the Members of the Putative Class)

47. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a.     Violations of §1692c(b) of the FDCPA**

48. Subject to certain inapplicable exceptions, §1692c(b) of the FDCPA prohibits a debt collector from communicating with any person, in connection with the collection of any debt, other than the consumer that it is attempting to collect a debt from. 15 U.S.C. §1692c(b).

49. Defendant violated §1692c(b) of the FDCPA by communicating with Plaintiff's ex-husband regarding the subject debt.

50. As set forth above, Defendant sent multiple text messages to Plaintiff's ex-husband regarding the subject debt.

**b.     Violations of §1692b(2)**

51. Section 1692b(2) of the FDCPA prohibits a debt collector from disclosing to a third party that a consumer owes any debt. 15 U.S.C. §1692b(2).

52. Defendant violated §1692b(2) of the FDCPA by disclosing to Plaintiff's ex-husband that Plaintiff owes the subject debt.

53. As set forth above, Defendant sent multiple text messages to Plaintiff's ex-husband that contained a hyperlink that disclosed that Plaintiff owes the subject debt.

54. Defendant's conduct as outlined herein is the precise conduct that the FDCPA was designed to eliminate.

55. As set forth above, Plaintiff suffered damages as a result of Defendant's abusive debt collection practices.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Putative Class, requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. a finding that Defendant violated 15 U.S.C. §§1692c(b) and b(2);

C. an order enjoining Defendant from contacting Plaintiff's ex-husband regarding the subject debt;

D. an order enjoining Defendant from further violations of 15 U.S.C. §§1692c(b) and b(2);

E. an award of any actual damages sustained by Plaintiff and the members of the Putative Class as a result of Defendant's violations of the FDCPA;

F. an award of such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

G. an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;

H. an award of reasonable attorney's fees and costs as determined by this Court; and

I. an award of such other relief as this Court deems just and proper.

Dated: August 31, 2022                             Respectfully Submitted,

*/s/ Chad W. Eisenback*
Chad W. Eisenback
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
ceisenback@sulaimanlaw.com