IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
*Electronically Filed*

| | |
|---|---|
| SARAH R. JONES, individually and on behalf of all others similarly situated,<br><br>                 Plaintiff,<br>v.<br><br>TRUEACCORD CORP.,<br><br>                 Defendant. | )<br>) Case Number: 4:22-cv-122-JHM-HBB<br>)<br>) **TRUEACCORD'S ANSWER AND**<br>) **AFFIRMATIVE DEFENSES TO**<br>) **COMPLAINT**<br>)<br>)<br>)<br>) |

Defendant TrueAccord Corp. ("TrueAccord"), by and through undersigned counsel, hereby files this Answer and Affirmative Defenses to the Complaint of Plaintiff Sarah R. Jones ("Plaintiff") [D.E. 1] and states as follows:

The following numbered paragraphs 1 – 55 correspond to the numbered paragraphs of the Complaint.

## ANSWER TO COMPLAINT

As to "NATURE OF THE ACTION"

1.    TrueAccord admits that Plaintiff purports to bring an action under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA"). The FDCPA speaks for itself. TrueAccord specifically denies that the Complaint sets forth any such cause of action against it. TrueAccord further denies that Plaintiff may bring her allegations as a class. TrueAccord denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.    Paragraph 2 of the Complaint selectively quotes from *Sheriff v. Gillie*, 578 U.S. 317 (2016), which speaks for itself and which requires no response. To the extent a response is required, TrueAccord denies the allegations in paragraph 2 of the Complaint.

## As to "JURISDICTION AND VENUE"

3. Paragraph 3 of the Complaint alleges that this Court has jurisdiction under 28 U.S.C. § 1331. As a matter of law, TrueAccord cannot consent to this Court's subject-matter jurisdiction. *See, e.g.*, *Grubb v. Public Utilities Comm'n*, 281 U.S. 470, 475 (1930). TrueAccord therefore denies the allegations contained in Paragraph 3 but admits that this Court has federal question jurisdiction.

4. Upon information and belief, TrueAccord admits that venue is proper in this judicial district.

## As to "PARTIES"

5. TrueAccord is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Complaint and therefore denies them.

6. Paragraph 6 is a legal conclusion requiring no response. 15 U.S.C. § 1692a(3) speaks for itself. If a response is required, TrueAccord denies the allegations in Paragraph 6.

7. TrueAccord admits only that it engages in the business of collecting debts that are due and owing to its third-party clients. TrueAccord denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. TrueAccord admits the allegations contained in Paragraph 8 of the Complaint.

9. Paragraph 9 is a legal conclusion requiring no response. 15 U.S.C. § 1692a(6) speaks for itself. If a response is required, TrueAccord admits that under certain circumstances, it can be defined as a debt collector under the FDCPA. However, TrueAccord lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegation that it is a debt collector under the FDCPA for purposes of this action. TrueAccord therefore denies the allegations in Paragraph 9.

As to "FACTUAL ALLEGATIONS"

10. TrueAccord is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Complaint and therefore denies them.

11. TrueAccord is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Complaint and therefore denies them.

12. TrueAccord is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the Complaint and therefore denies them.

13. TrueAccord admits that it was engaged it to collect the Plaintiff's debt, but denies the remaining allegations in Paragraph 13.

14. TrueAccord is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Complaint and therefore denies them.

15. Paragraph 15 appears to be a cropped screenshot, the full contents of which screenshot or text speak for themselves. TrueAccord is therefore without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 15 and therefore denies them.

16. TrueAccord is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 16 and therefore denies them.

17. TrueAccord is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 17 and therefore denies them.

18. TrueAccord is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 18 and therefore denies them.

19. Paragraph 19 refers to the contents of Paragraph 15. TrueAccord is therefore without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 19 and therefore denies them.

20. Paragraph 20 refers to the contents of Paragraph 15. TrueAccord is therefore without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 20 and therefore denies them.

21. TrueAccord is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 21 and therefore denies them.

22. TrueAccord is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 22 and therefore denies them.

23. TrueAccord is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 23 and therefore denies them.

24. TrueAccord is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 24 and therefore denies them.

25. TrueAccord denies the allegations contained in Paragraph 25 of the Complaint.

### As to "DAMAGES"

26. TrueAccord denies the allegations contained in Paragraph 26.

27. TrueAccord denies the allegations contained in Paragraph 27.

28. TrueAccord denies the allegations contained in Paragraph 28.

29. TrueAccord denies the allegations contained in Paragraph 29.

### As to "CLASS ALLEGATIONS"

30. TrueAccord adopts and reaffirms all of the denials contained in this Answer as if fully set forth here.

31. TrueAccord admits only that Plaintiff purports to bring this putative class action under Federal Rule of Civil Procedure 23. Federal Rule of Civil Procedure 23, and the case law interpreting it, speak for itself. TrueAccord specifically denies that Plaintiff's allegations are appropriate for a class action. TrueAccord denies all other allegations in Paragraph 31.

32. TrueAccord denies that Plaintiff's allegations are appropriate for a class action and therefore denies the allegations contained in Paragraph 32.

33. TrueAccord denies the allegations contained in Paragraph 33.

34. TrueAccord denies that Plaintiff's allegations are appropriate for a class action and therefore denies the allegations contained in Paragraph 34.

35. TrueAccord denies that Plaintiff's allegations are appropriate for a class action and therefore denies the allegations contained in Paragraph 35.

36. TrueAccord denies that Plaintiff's allegations are appropriate for a class action and therefore denies the allegations contained in Paragraph 36.

37. TrueAccord denies the allegations contained in Paragraph 37.

38. TrueAccord denies the allegations contained in Paragraph 38.

39. TrueAccord denies the allegations contained in Paragraph 39.

40. TrueAccord denies the allegations contained in Paragraph 40.

41. TrueAccord denies the allegations contained in Paragraph 41.

42. TrueAccord denies the allegations contained in Paragraph 42.

43. TrueAccord denies the allegations contained in Paragraph 43.

44. TrueAccord denies the allegations contained in Paragraph 44.

45. TrueAccord denies the allegations contained in Paragraph 45.

46. TrueAccord denies the allegations contained in Paragraph 46.

<u>As to "CLAIMS FOR RELIEF"</u>

47. TrueAccord adopts and reaffirms all of the denials contained in this Answer as if fully set forth here.

48. Paragraph 48 appears to paraphrase 15 U.S.C. § 1692c(b), which speaks for itself. TrueAccord denies all allegations contained in Paragraph 48 that are inconsistent with the FDCPA.

49. TrueAccord denies the allegations contained in Paragraph 49.

50. TrueAccord denies the allegations contained in Paragraph 50.

51. Paragraph 51 appears to paraphrase 15 U.S.C. § 1692b(2), which speaks for itself. TrueAccord denies all allegations contained in Paragraph 51 that are inconsistent with the FDCPA.

52. TrueAccord denies the allegations contained in Paragraph 52.

53. TrueAccord denies the allegations contained in Paragraph 53.

54. TrueAccord denies the allegations contained in Paragraph 54.

55. TrueAccord denies the allegations contained in Paragraph 55, including all relief requested.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a plausible claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The equitable defenses of laches, unclean hands, and equitable estoppel may bar the Complaint or any recovery.

**THIRD AFFIRMATIVE DEFENSE**

The acts and/or omissions of third parties for whom TrueAccord is not responsible caused Plaintiff's damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's failure to mitigate her damages, if any, bars or limits any recovery.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff may have waived any claim against TrueAccord.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that any violation of law took place, the violation was not intentional and resulted from a bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

### SEVENTH AFFIRMATIVE DEFENSE

The statute of limitations may bar Plaintiff's claim.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to state a valid claim for attorney fees, expenses, or costs.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's potential recovery is subject to set-off against what Plaintiff owes.

### TENTH AFFIRMATIVE DEFENSE

TrueAccord seeks all fees, expenses, costs, and any legally recoverable damages from Plaintiff under the FDCPA, including but not limited to, fees under 15 U.S.C. § 1692k(a), Federal Rule of Civil Procedure 54(d)(1), or otherwise.

### ELEVENTH AFFIRMATIVE DEFENSE

TrueAccord reserves the right to amend or add more defenses or affirmative defenses as necessary.

WHEREFORE, TrueAccord respectfully requests that this Court:

1. Dismiss Plaintiff's Complaint with prejudice;

2. Enter judgment in favor of TrueAccord and direct Plaintiff to recover nothing from TrueAccord;

3. Grant TrueAccord its attorney fees, expenses, and costs under 15 U.S.C. § 1692k(a); and

4. Grant to TrueAccord such other and further relief as this Court deems just and proper.

Respectfully submitted,

**DINSMORE & SHOHL, LLP**

/s/ Joseph N. Tucker
Joseph N. Tucker, Esq.
Sarah D. Reddick, Esq.
Philip E. Cecil, Esq.
101 S. Fifth Street
Suite 2500
Louisville, KY 40202
502-540-2300 (phone)
502-585-2207 (fax)
Joseph.tucker@dinsmore.com
Sarah.reddick@dinsmore.com
Philip.cecil@dinsmore.com
*Counsel for TrueAccord Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served this 25th day of October, 2022, using the Court's CM/ECF system to the following counsel of record in this matter:

Chad W. Eisenback
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
ceisenback@sulaimanlaw.com

/s/ Joseph N. Tucker
*Counsel for TrueAccord Corp.*